UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GEORGE MATTFOLK

        Plaintiff,                             Case No. 1:14-CV-693

v.                                                 HON. GORDON J. QUIST

UNITED STATES OF AMERICA,

        Defendant.
_____/

## **OPINION**

Plaintiff, George Mattfolk, filed a medical malpractice claim in state court against Dr. Sharon Christian and M.G.H. Family Health (MGH). The case was subsequently removed to this Court and the Government was substituted as the defendant. The Government has moved to dismiss Mattfolk's complaint, arguing that Mattfolk did not file an administrative claim as required by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, and that the statute of limitations for doing so has expired. For the reasons that follow, the Court will grant the Government's motion.

### *Background*

On July 1, 2011, Mattfolk saw Dr. Christian at MGH and complained of chest pain, a cough, leg swelling, and leg pain. (Compl. ¶¶ 10-11.) Dr. Christian did not diagnose Mattfolk with deep vein thrombosis (DVT). (*Id.* ¶ 12.) On September 30, 2011, Mattfolk saw a different medical provider, who diagnosed him with DVT. (*Id.* ¶ 13.) That same day, doctors attempted to perform surgery on Mattfolk, but ultimately terminated the procedure. (*Id.* ¶ 14.)

On December 26, 2013, Mattfolk filed a complaint against Dr. Christian and MGH in state court. On June 27, 2014, the Government removed to this Court and filed a certification that Dr.

Christian and MGH are federal employees and Dr. Christian was acting within the scope of her employment with the Government. Thereafter, the Government was substituted as the defendant. On August 18, 2014, the Government moved to dismiss the action pursuant to Rule 12(b)(1), arguing that the Court lacked subject matter jurisdiction because Mattfolk had not filed an administrative claim and the statute of limitations for doing so had expired.

### *Legal Standard*

A motion under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party opposing a Rule 12(b)(1) motion bears the burden of proving jurisdiction. *Wei Zheng v. Holder*, 485 F. App'x 550, 554 (6th Cir. 2012) (quoting *GTE N., Inc. v. Strand*, 209 F.3d 909, 915 (6th Cir. 2000)). Rule 12(b)(1) motions may be brought either as a facial attack or a factual attack. *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009) (quoting *Gentek Bldg. Prods. v. Sherwin-Williams Claims*, 491 F.3d 320, 330 (6th Cir. 2007)). A facial attack questions the sufficiency of the allegations in the pleading. *Id.* In a factual attack, "the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).

### *Discussion*

The FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). A claim accrues "when a plaintiff possesses enough information with respect to [his] injury that, had [he] sought out independent legal and expert advice at that point, [he] should have been able to determine in the two-year period whether to file an administrative claim." *Hertz v. United States*, 560 F.3d 616, 618 (6th Cir. 2009) (internal quotation marks omitted).

The parties dispute the date of accrual of Mattfolk's claim.[1]  The Government contends that Mattfolk's claim accrued on or before September 30, 2011, when he was diagnosed with DVT. Mattfolk asserts that the claim accrued at some unspecified later date, arguing that a reasonable person would not know that Dr. Christian was negligent upon learning that she failed to diagnose the condition.  However, accrual of a claim does not "await awareness by the plaintiff that his injury was negligently inflicted." *United States v. Kubrick*, 444 U.S. 111, 124, 100 S. Ct. 352, 360 (1979). Rather, a plaintiff "armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community." *Id.*  Once Mattfolk received his DVT diagnosis, he had sufficient information from which he could seek out legal and medical advice to determine whether he had a claim against Dr. Christian.  Accordingly, Mattfolk's claim accrued on or before September 30, 2011, when he was diagnosed with DVT.

Mattfolk next argues that he is entitled to equitable tolling because he did not have notice that Dr. Christian and MGH were federal employees.  Courts apply equitable tolling "sparingly, and not when there has only been a garden variety claim of excusable neglect." *Bazzo v. United States*, 494 F. App'x 545, 547 (6th Cir. 2012).  The party seeking equitable tolling bears the burden of showing that he is entitled to it.  *Id.*  In *Bazzo*, the Sixth Circuit rejected the plaintiff's argument that she was entitled to equitable tolling because she did not know that the doctor who delivered her baby served as an employee of a federally funded medical facility.  *Id.* at 548.  The court explained that the plaintiff had failed to demonstrate that she took steps to determine the doctor's employment status, or to explain how the affiliation would have escaped a reasonably diligent party.  *Id.* Similarly, in this case, Mattfolk simply states that he did not know that Dr. Christian and MGH were

---

[1] Mattfolk does not dispute that Dr. Christian and MGH are federal employees or that the FTCA applies to his claims.

3

federal employees, but fails to explain what measures he took to determine their status or why his failure to discover their status was reasonable. [2] Accordingly, Mattfolk is not entitled to equitable tolling.

Mattfolk further argues that the statute of limitations was tolled when he filed a Notice of Intent before filing his medical malpractice suit. The FTCA's two-year statute of limitations may be extended if a civil action is commenced within the limitations period. 28 U.S.C. § 2679(d)(5)(A). Under Michigan law, a medical malpractice suit is commenced by filing a complaint and an affidavit of merit, and not by filing a Notice of Intent. *See Wood v. Bediako*, 272 Mich. App. 558, 562, 727 N.W.2d 654, 657 (2006); *Neal v. Oakwood Hosp. Corp.*, 226 Mich. App. 701, 722, 575 N.W. 2d 68, 78, (1997). Similarly, a federal action is commenced when a plaintiff files a complaint. Fed. R. Civ. P. 3. Accordingly, filing the Notice of Intent did not commence the action or toll the statute of limitations.

Finally, Mattfolk argues that the Government's motion should be converted to a motion for summary judgment because it refers to matters outside the pleadings, and that he should be permitted to conduct discovery. The Government has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014) (affirming dismissal for lack of jurisdiction where the plaintiff filed an FTCA claim outside the statute of limitations). In considering a motion to dismiss for lack of subject matter pursuant to Rule 12(b)(1), a court may consider matters outside the pleadings. *Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014). Moreover, Mattfolk has made only a general claim that he needs discovery, but has not specified what type of information he seeks to effectively argue against dismissal. Accordingly, the Court will not convert the motion or permit discovery.

---

[2] Mattfolk contends that he is entitled to discovery regarding the issue of equitable tolling. He does not, however, identify what he hopes to learn during discovery that would advance his argument. Moreover, any information regarding the issue of equitable tolling is likely in the hands of Mattfolk, rather than the Government.

### *Conclusion*

Mattfolk's claim accrued on or before September 30, 2011, when he was diagnosed with DVT.  He waited more than two years to commence an action by filing a complaint in state court.  Because Mattfolk did not file an administrative claim within the two-year period provided by the FTCA, his claim is time-barred.

An order consistent with this opinion shall issue.


Dated:  October 10, 2014                            /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE